IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNON COULTAS, #K92874, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-01624-SMY |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, and | ) |
| JULIE TANNER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Shannon Coultas, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff entered into a plea agreement with the State of Illinois in two cases (2019-CF-42 and 2019-CF-57) on October 28, 2020 to plead guilty in exchange for an 18-month sentence and 127 days of credit for time served in each case, to be served consecutively. Plaintiff entered into another plea agreement on November 2, 2020 in two other cases (2019-CF-21 and 2020-CF-1) to plead guilty in exchange for a two-year sentence with 240 days credit for time served in each case to run concurrently, with that sentence to run consecutively to the sentences in 2019-CF-42 and 2019-CF-57. The Illinois Department of Corrections is denying Plaintiff his negotiated plea bargains by not properly

calculating and applying the credit for time served as agreed and ordered by the state court. Plaintiff seeks monetary damages for each day he is held past his correct outdate.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[1]

| | |
|---|---|
| Count 1: | Fourteenth Amendment claim for deprivation of liberty without due process against Defendants for not properly calculating and applying the credit for time served on Plaintiff's sentences as ordered by the state court in case nos. 2019-CF-42, 2019-CF-57, 2019-CF-21, and 2020-CF-1. |
| Count 2: | Eighth Amendment claim against Defendants for inflicting cruel and unusual punishment on Plaintiff by not properly calculating and applying the credit for time served on Plaintiff's sentences as ordered by the state court in case nos. 2019-CF-42, 2019-CF-57, 2019-CF-21, and 2020-CF-1. |

## Discussion

Plaintiff fails to state a claim as to both defendants in this case. IDOC is not subject to suit for money damages under §1983. *See Thomas v. Illinois.*, 697 F. 3d 612, 613 (7th Cir. 2012). And Plaintiff has not made any factual allegations against Tanner. Although he identifies Tanner in the list of defendants as the "Chief Supervisor over Records Office," she is not mentioned in the statement of claim. To survive preliminary review under § 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). And because Plaintiff brings his claims under §1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). Absent allegations

---

[1] Any claim mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

describing Tanner's personal involvement in a violation of Plaintiff's constitutional rights, a claim against her cannot proceed.

## Disposition

The Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief. Plaintiff is **GRANTED** leave to file a First Amended Complaint by **August 22, 2022**.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and use the case number for this action (No. 21-1624)**. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A. Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party and describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y). To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed

Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading. Plaintiff should attach any exhibits that he wishes to submit with the First Amended Complaint.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

If judgment is rendered against Plaintiff and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** July 21, 2022

                                               *s/ Staci M. Yandle*
                                               **STACI M. YANDLE**
                                               **United States District Judge**